# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

No. 3:23-cv-119

HATEM TAWFIQ ALGHUTI, PLAINTIFF,

v.

UNITED STATES DEPARTMENT OF JUSTICE, *ET AL.*, DEFENDANTS.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Plaintiff Hatem Tawfiq Alghuti, representing himself, has filed a 235-page complaint against the following fifteen defendants: (1) the United States Department of Justice; (2) the Office on Violence Against Women; (3) the State of Texas; (4) Galveston County; (5) Dwight D. Sullivan, Galveston County Clerk; (6) Mark Henry, Galveston County Judge; (7) the League City Police Department; (8) Kathleen McCumber, municipal judge for the City of League City; (9) Kerri Foley, Galveston County District Judge; (10) Jack Roady, Galveston County Criminal District Attorney; (11) Lisa Salazar, a private resident of Galveston County; (12) Skillern Firm, a law firm representing Alghuti's ex-wife in their divorce case; (13) Matthew A. Skillern, a partner at the Skillern Firm; (14) Rawan Al-Najjar, Alghuti's ex-wife; and (15) Joseph Robinette Biden, Jr., in his capacity as a former

senator who helped draft and pass the Violence Against Women Act and personally "for his role with the Biden Foundation." Suing under 42 U.S.C. § 1983, Alghuti complains that the defendants have violated his constitutional rights in connection with the issuance of multiple civil protective orders against him in state court.

Because Alghuti has been granted leave to proceed *in forma pauperis*, the court is required to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). For the reasons explained below, this case will be dismissed.

## I.   <u>BACKGROUND</u>

As noted above, Alghuti has filed a lengthy complaint. The crux of his legal challenge is the entry of several civil protective orders against him in state court. He claims that the issuance of these orders has violated his constitutional rights. Although Alghuti has included a brief "Factual Background" section in his complaint (*see* Dkt. 1 at 22–23), a review of publicly available records relating to Alghuti's recent interactions with the state court system are helpful as background when considering Alghuti's claims.[1]

---

[1] A court may take judicial notice of public court records. *See Burns v. Mayes*, 369 F. App'x 526, 527 n.4 (5th Cir. 2010). The court records cited in this section are available from the Galveston County District Clerk's Office public website, accessible at

In December 2020, Alghuti's estranged spouse, Al-Najjar, filed an Application for a Protective Order in County Court at Law No. 2 in Galveston County, alleging that Alghuti had committed family violence. *See Rawan Al-Najjar vs. Hatem Tawfiq Alghuti*, Cause No. 20-FD-2694, County Court at Law No. 2, Galveston County, available at https://portal.galvestoncountytx.gov/portal (last visited May 18, 2023). The court issued a Temporary Ex Parte Protective Order on January 7, 2021. *Id.* At a hearing on January 14, 2021, Judge Stephen Baker granted the Application for a Protective Order. *Id.* On January 23, 2021, Judge Kerri Foley granted the final protective order. *Id.*

In January 2021, Al-Najjar filed an Original Petition for divorce in County Court at Law No. 2 in Galveston County. *See In re the Marriage of Rawan Al-Najjar and Hatem Alghuti*, Cause No. 21-FD-0102, County Court at Law No. 2, Galveston County, available at https://portal.galvestoncountytx.gov/portal (last visited May 18, 2023). Judge Foley signed a Final Divorce Decree on November 19, 2021. *Id.*

In February 2021, the Criminal District Attorney for Galveston County filed a complaint in County Court at Law No. 1, charging Alghuti with violating the terms of a December 23, 2020, protective order issued by Judge Kathleen McCumber in the Municipal Court of League City by contacting Al-Najjar via text message. *See State of Texas v. Hatem Alghuti*, Cause No. MD-0398265, County Court at Law

---

https://portal.galvestoncountytx.gov/portal.

No. 1, available at https://portal.galvestoncountytx.gov/portal (last visited May 18, 2023). According to the publicly available docket, the jury trial scheduled for April 3, 2023, was passed and the case is on-going. *Id.*

In November 2022, Al-Najjar filed a new Application for Protective Order in County Court at Law No. 2. *See Rawan Al-Najjar v. Hatem Tawfiq Alghuti*, Cause No. 22-FD-2586, County Court at Law No. 2, Galveston County, available at https://portal.galvestoncountytx.gov/portal (last visited May 18, 2023). On November 28, 2022, Judge Foley entered a Final Protective Order against Alghuti. *Id.* Judge Foley found that Alghuti committed family violence and that family violence is likely to occur in the future. *Id.* Among other things, the order prohibits Alghuti from going near Al-Najjar. *Id.*

On March 2, 2023, a grand jury in the 405th District Court in Galveston County issued an indictment charging Alghuti with aggravated assault with a deadly weapon. *See State of Texas v. Hatem Tawfiq Alghuti*, Cause No. 23-CR-0831, available at https://portal.galvestoncountytx.gov/portal (last visited May 18, 2023). Specifically, the indictment alleges that on December 23, 2020, Alghuti threatened Al-Najjar and/or her family with imminent bodily injury by threatening to kill Al-Najjar and/or her family and used or exhibited a Smith & Wesson AR-15 during the commission of said assault. *Id.* On May 5, 2023, Judge Patricia Grady revoked Alghuti's bond and ordered him into custody bond in the amount of $500,000. *Id.* There is a disposition setting scheduled for June 20, 2023. *Id.*

In April 2023, Alghuti filed the instant federal lawsuit. He brings this action under 42 U.S.C. § 1983, asserting that the defendants have violated his rights under the First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. *Id.* at 1. Alghuti's primary challenge is to the issuance of the multiple civil protective orders entered against him in state court, arguing that the issuance of the orders and the orders themselves have violated his constitutional rights in myriad ways. *See id.* at 3 ("Plaintiff brings this suit to declare unconstitutional and enjoin the enforcement of Article 17.292 of the Texas Code of Criminal Procedure, [which authorizes a magistrate to issue an emergency protective order after a defendant's arrest for offenses involving family violence or certain other offenses,] and sections of Texas Family Code at issue, to ensure that all components of the administrative courts comply with their obligations under Texas and Federal law.").

Alghuti sets out the relief he seeks from this court in 93 separate paragraphs, which span 16 pages of the complaint. *Id.* at 126–142. The relief he seeks is largely declaratory and injunctive in nature and includes such requests as entering a declaration that the protective orders entered against him are unenforceable and void, entering a declaration that the section of the Texas Family Code defining family violence be declared unconstitutional, and compelling the United States Department of Justice "to provide sufficient funding for the establishment of a task force to develop a Chancery Court System for Family Law[,]" of which Alghuti

"shall be entrusted with the leadership of the task force[.]" (*Id.* at 126, 131, 133).

## II.  <u>STANDARD OF REVIEW</u>

Because Alghuti has been granted leave to proceed *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2) and the court must dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). When considering whether the plaintiff has adequately stated a claim upon which relief can be granted, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

In reviewing the pleadings, the court is mindful that Alghuti represents himself. Complaints filed by *pro se* litigants are entitled to a liberal construction

and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.   **DISCUSSION**

The main challenge brought in Alghuti's complaint concerns the issuance of several civil protective orders entered against him in state court in 2020 and 2022. Alghuti asks this court to overturn the protective orders. The court lacks jurisdiction to hear Alghuti's case, however, because "[c]hallenges . . . to the validity of judgments entered in state court proceedings are barred by the *Rooker-Feldman* doctrine." *Beach v. Fort Bend Cnty.*, No. CV H-19-1278, 2019 WL 2137229, at *1 (S.D. Tex. May 16, 2019) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine holds that "federal district courts, as courts of original

jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal citation and quotation marks omitted). The doctrine "deprives federal courts of subject matter jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Graham v. Savage*, No. 22-50111, 2023 WL 2625952, at *1 (5th Cir. Mar. 24, 2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "[I]n addition to the precise claims presented to the state court, *Rooker-Feldman* prohibits federal court review of claims that are 'inextricably intertwined' with a state court decision.'" *Upton Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 384 (5th Cir. 2022) (quoting *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384–85 (5th Cir. 2017)).

The *Rooker-Feldman* doctrine applies here and deprives this court of subject-matter jurisdiction to consider Alghuti's complaint. Protective orders adverse to Alghuti were entered against him in state court before this federal proceeding commenced. Alghuti now complains of injuries caused by the state-court judgments, and he wishes to challenge those protective orders in federal court—specifically, he wants this court to nullify and find void the state-court protective orders. The *Rooker-Feldman* doctrine deprives this court of jurisdiction to consider Alghuti's claims or to give him the relief he seeks. *See, e.g., Shaikh v.*

*Allen City Council*, No. 4:21-CV-953-ALM-KPJ, 2023 WL 2518908, at *7 (E.D. Tex. Feb. 8, 2023), *R&R adopted by*, 2023 WL 2503542 (E.D. Tex. Mar. 13, 2023) (holding that the *Rooker-Feldman* doctrine barred the court from considering plaintiff's complaint that challenged a protective order entered against him in state court); *Bird v. Fletcher*, No. 9:19-CV-220-RC, 2020 WL 2951891, at *6 (E.D. May 1, 2020), *R&R adopted by*, 2020 WL 2944430 (E.D. Tex. June 2, 2020) (finding that plaintiff's "[s]ection 1983 claims involve[ing] two state[-]court actions involving custody and domestic proceedings, specifically a protective order" were barred from being considered in federal court by the *Rooker-Feldman* doctrine); *Bowling v. Dahlheimer*, No. 4:18-CV-ALM-CAN, 2019 WL 5395598, at *8 (E.D. Tex. Aug. 7, 2019) (finding that the *Rooker-Feldman* doctrine barred the court from hearing plaintiff's claims against former spouse's divorce counsel because the claims against divorce counsel were "inextricable[ly] intertwined with the state[-]court decisions" regarding a protective order and plaintiff's divorce), *R&R adopted by*, 2019 WL 4727420 (E.D. Tex. Sept. 27, 2019); *Johnson v. Webre*, No. CV 20-2703, 2022 WL 3578562, at *7 (E.D. La. Aug. 19, 2022) (holding that plaintiff's claim that he was entitled to declaratory and injunctive relief from a state-court protective order was barred by the *Rooker-Feldman* doctrine). In short, Alghuti's federal lawsuit "when dismantled to its core, is [nothing more than] an attempt to seek reversal of [the state court's] decision under the guise of a civil[-]rights action in federal district court." *Bowling*, 2019 WL 5395598, at *8

(citation and quotation marks omitted).

The court lacks subject-matter jurisdiction over Alghuti's claims under the *Rooker-Feldman* doctrine and this case must be dismissed.[2]

\* \* \*

For the reasons stated above, the court **ORDERS** as follows:

1.    The civil action filed by Hatem Tawfiq Alghuti is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

2.    Final judgment will issue by separate order.

Signed on Galveston Island this 22nd day of   May              , 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

[2] Aside from the *Rooker-Feldman* doctrine depriving this court of jurisdiction to consider Alghuti's complaint, it appears that Alghuti's claims brought under 42 U.S.C. § 1983 are subject to dismissal for several other reasons. First, several defendants enjoy judicial immunity. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). Further, several other defendants do not qualify as a "person" who was "acting under color of state law" for purposes of bringing a valid claim under § 1983. Section 1983 authorizes suit against a "person" acting under color of law who causes certain deprivations of rights. *See* 42 U.S.C. § 1983; *Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). Finally, to the extent Alghuti asks this court to intervene in the ongoing state criminal proceedings brought against him, such request is barred by the well-established doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971).